### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **No. 23-cr-03 (RCL)** |
| | ) | |
| **ZACHARIAH SATTLER** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### ZACHARIAH SATTLER'S MEMORANDUM IN AID OF SENTENCING

Zachariah Sattler hereby submits the following memorandum in aid of sentencing in this matter. Mr. Sattler respectfully requests that this Honorable Court sentence him to a period of probation. Given that Mr. Sattler pleaded guilty as soon as possible, saving the government and the Court important resources, his pretrial compliance and his genuine contrition about his actions, the Court should sentence Mr. Sattler to two years of probation.

### Introduction

Mr. Sattler is a thirty-six-year-old man and a stay-at-home dad for the two children that he has with his girlfriend Sara Andrews. Of particular concern is Mr. Sattler's role taking care of their two-year-old son. Ms. Andrews is a nurse and her hours do not allow her to care for their young child. Thus, if the Court is considering any period of incarceration, counsel requests that the Court consider a longer period of home incarceration.

Mr. Sattler spent twenty minutes in the Capitol building and engaged in no violence nor destruction of property. He is part Native American, a fact of which he

1

is extremely proud.  He thus kneeled in front of the Nebraska statute depicting a Native American in a demonstration of reverence and pride.  He acknowledges chanting along with the crowd on January 6th and acting exceptionally stupid on that day both in his broader choices, like entering the Capitol and also in his more narrow choices such as taking puffs from a joint that was handed to him.

Mr. Sattler recognizes the harm that he has done to the nation and regrets all of his actions.  He is especially sorry to the police officers who were injured, traumatized and overrun by the January 6th mob.  Mr. Sattler did not intend for the large protest to turn into a riot but he understands that his very presence assisted those individuals who wanted a riot.

Mr. Sattler notably did not brag about his actions on January 6th on social media or otherwise.  He is also exceptional in that he pleaded guilty within 45 days of his initial status hearing and attempted to plead guilty almost immediately after his arrest.

Mr. Sattler was towards the end of the spectrum of the lesser culpable people on January 6th, compared to the others and he should be sentenced accordingly. Mr. Sattler spent about twenty minutes inside the building and did not enter any remotely sensitive areas.  He did not act disrespectfully towards any of the officers and left the building promptly when instructed. He acknowledges that he was caught up in the moment and that he yelled and chanted along with others but his actions, while illegal, were only in the spirit of protest.  He is exceptionally

remorseful for his actions and has vowed that he will not do anything like this again.

Mr. Sattler's actions, while ranging from foolish to stupid, do not justify a sentence of incarceration. Half of those convicted of Parading offenses have received probation and Mr. Sattler is no more culpable than many of those individuals.  It was objectively stupid, but not criminal, to eat grass or to vomit or to make statements about the Proud Boys or even to boisterously state that Native Americans built the Capitol.  And while Mr. Sattler did ingest marijuana that was suddenly handed to him, he did not bring marijuana to the rally and had no plans to do what he did – he made a bad choice in the moment.

More importantly, Mr. Sattler conduct does not rise to those who have been incarcerated because he did not prepare for conflict at the Ellipse and did not intend to go to the Capitol.  He did not come dressed or armed for physical conflict with Antifa or with the police.  He did not carry any weapons. He was simply a loud protestor who had no particular goals to go to any particular places.

Mr. Sattler recognizes the mistake that he made by entering Capitol grounds on January 6th.  He understands that the law enforcement officials whom he deeply respects were unable to distinguish between those like him – those who intended no harm and others – violent individuals inciting insurrection.  Mr. Sattler's conduct demonstrates that he was caught up in the emotion of a mob but that he had no goal other than to protest.  He never entered any offices or other private areas.  He did not carry weapons.  And he was not in the presence of any physical violence

between rioters and police.  A probationary sentence, with a period of home detention, is appropriate.

## ARGUMENT

### I.   Legal Standard

The Court is well aware that the Supreme Court's opinions in *Kimbrough v. United* States, 552 U.S. 84 (2007), and *Gall v. United States*, 552 U.S. 38 (2007), have dramatically altered the law of federal sentencing.  Congress has required federal courts to impose the least amount of imprisonment necessary to accomplish the purposes of sentencing as set forth in 18 U.S.C. §3553(a).  Those factors include (a) the nature and circumstances of the offense and history and characteristics of the defendant; (b) the kinds of sentences available; (c) the advisory guideline range; (d) the need to avoid unwanted sentencing disparities; (e) the need for restitution; and (f) the need for the sentence to reflect the following: the seriousness of the offense, promotion of respect for the law and just punishment for the offense, provision of adequate deterrence, protection of the public from future crimes and providing the defendant with needed educational and vocational training, medical care, or other correctional treatment.  *See* 18 U.S.C. §3553(a).

### II.   Imposing a Sentence of Probation is Sufficient, But Not Greater Than Necessary, to Comply with 18.U.S.C. §3553(a).

It is certainly true that January 6th left a stain on the Republic.  But Mr. Sattler, in the end, is a devoted father with a minimal criminal record, save for

marijuana-related offenses from a different time.  He took responsibility for his actions as early as he possibly could and relayed to counsel his desire to plead guilty at the first meeting.  Although many other Capitol rioters have falsely claimed that their actions were harmless, Mr. Sattler fully understands how his presence was perceived, not only by the nation and the world, but also the officers who could not calculate what they were confronting.  Still, Mr. Sattler decided to accept responsibility and saved the government from the resources it would have had to commit towards trial.

This acceptance of responsibility is important because, unlike most other federal offenses, that acceptance is not built into the calculation of his sentence. Mr. Sattler agreed to plead guilty because he is remorseful that he is associated with individuals who do not represent his beliefs or actions.  Indeed, Mr. Sattler was driven in part by a desire to help control the rioters and wished for the protest to have been peaceful.  He failed to do so and he regrets that failure every day. He pleaded guilty because he recognizes the trauma that police officers experienced that day and because he knows that he contributed, even though he had no intention of harming any officers or disrupting the certification process.  Because of his genuine remorse and his acceptance of responsibility, also demonstrated by his pretrial compliance, he should be ordered to serve a period of probation.

In fact, in applying the rubric cited by the U.S. Attorney's Office, it is clear that Mr. Sattler is at the low end of the spectrum for any of the prosecuted offenses. In each of its Sentencing Memoranda, the government has forcefully argued:

Additionally, while looking at the defendant's individual conduct, we must assess such conduct on a spectrum. This Court, in determining a fair and just sentence on this spectrum, should look to a number of critical factors, to include: (1) whether, when, how the defendant entered the Capitol building; (2) whether the defendant encouraged violence; (3) whether the defendant encouraged property destruction; (4) the defendant's reaction to acts of violence or destruction; (5) whether during or after the riot, the defendant destroyed evidence; (6) the length of the defendant's time inside of the building, and exactly where the defendant traveled; (7) the defendant's statements in person or on social media; (8) whether the defendant cooperated with, or ignored commands from law enforcement officials; and (9) whether the defendant demonstrated sincere remorse or contrition. While these factors are not exhaustive nor dispositive, they help to place each defendant on a spectrum as to their fair and just punishment.

Applying these factors demonstrates that Mr. Sattler should receive a probationary sentence.  First, he entered the Capitol building through an open door at a time and place where there was no violence.  Second, Mr. Sattler encouraged no one to be violent and was not in the presence of any violence.  Third, Mr. Sattler did not encourage any property destruction.  He was not in the presence of any property destruction.  Mr. Sattler did not destroy any evidence.  He spent less than twenty minutes inside the building and did not enter any sensitive areas.  His social media activity on and after January 6th did not brag about his actions and did not condone January 6th after he recognized what had actually happened.  Mr. Sattler cooperated with law enforcement entirely both on and after January 6th.  He is genuinely and sincerely remorseful for his actions.

### a.  Mr. Sattler's Personal History and Characteristics

Zachariah Sattler is a stay-at-home father who spends all of his time looking after his two year old and driving his teenaged son to and from extra-curricular

activities.  He has had convictions for marijuana related offenses, one of which would today is punishable by a $25 ticket.  He is a dutiful husband and son and a doting father.

Mr. Sattler has repeatedly acknowledged his wrongheaded actions on January 6th and assures the Court that his behavior around the time is uncharacteristic of his nature.  At the outset of the pandemic, Mr. Sattler became interested in politics through then-President Donald Trump.  Once the pandemic began, Mr. Sattler spent outsized time on the internet and became exposed to conspiracy theories.  He maintains his rights to free speech and free thought but knows that the actions of him and many others, on January 6th, went way too far.

Mr. Sattler has not attended other political protests and has never been associated with these sorts of activities.

### b.  Nature and Circumstances of the Offense

Although Mr. Sattler has taken responsibility for illegally entering the Capitol building, there are several reasons why this factor weighs in favor of a sentence short of incarceration.  Mr. Sattler had no plans to go to the Capitol until he was prompted to by the president.  He did not engage in any violence or destruction that day.   He did not bring any weapons or protective armor to the District, much less to the Capitol.  He did not enter any restricted areas. Unlike those rioters prepared for battle, he came to the District without the smallest desire to engage in violence.  Even among those who were guilty of the parading offense, his less than twenty minutes lies in the end of the spectrum in terms of culpability.

    **c.  The Need to Promote Respect for the Law, Provide Just Punishment, Protect the Community and Provide Adequate Deterrence, and the Need to Avoid Unwanted Sentencing Disparities**

Based on Mr. Sattler's personal history and characteristics, it is clear that his entry on January 6, 2021 was an isolated event that was completely out character. It is also extremely unlikely that he will recidivate given his pretrial compliance. Any potential for recidivism can be addressed by the probationary sentence recommended by the defense and U.S. Probation.

When weighed against other cases, Mr. Sattler's conduct is more suitable for a sentence that spares him of incarceration.

The government goes to great lengths to urge the Court to *not* to consider other January 6th sentences in attempting to diminish the import of Section 3553's prohibition against unwarranted sentencing disparities.  The facts of the January 6th cases are not all the same – but they do share a variety of similarities.  Till recently, the government had repeatedly relied upon the "critical factors" cited above to distinguish between the severity of different cases.  The Court should not stray from this rubric now, simply because it does not support the government's particular allocution.

The government does not wish the Court to consider unwarranted sentencing disparities for petty misdemeanors because, factually, the majority of individuals who have pleaded guilty to the Parading offense like Mr. Sattler has been spared incarceration.  There have been some outlier sentences for individuals who appeared to seek out offices belonging to those in Congressional leadership but, in

an effort to avoid disparate sentences, judges in this District have followed the cases presented by the petty misdemeanor charge.

It is important to note that individuals allowed to plead guilty to parading include those whose conduct was significantly worse than Mr. Sattler. For example, Derek Jancart, 21-cr-148 (JEB) (45 days incarceration) and Eric Rau, 21-cr-467 (JEB) (45 days incarceration) wore gas masks, had two-way radios, Kevlar-lined gloves and were posting about the lack of snipers near the Capitol. *United States v. Derek Jancart*, 21-cr-148, ECF 25 at 13. Nichols Perretta (30 days of incarceration) entered after being tear gassed, stole Congressional documents and discarded them to destroy evidence. *United States v. Nichols Perretta*, 21-cr-539 (TSC), ECF 47 at 19. Nolan Kidd (45 days incarceration) entered the building after being tear-gassed three times and shouted encouragements to rioters assaulting police. *United States v. Nolan Kidd*, 21-cr-249 (CRC), ECF 56 at 23. John Lolos (14 days) was in the Capitol for 43 minutes "chanting at U.S. Capitol police" and was removed from a commercial flight on his way home for disrupting the flight with chants about Trump. *United States v. John Lolos*, 21-cr-243 (APM), ECF 32 at 2-3. Zachary Wilson, who received a probationary sentence with 45 days home detention, entered into Speaker Pelosi's office and twice lied to the FBI. *United States v. Zachary Wilson*, 21-cr-578 (APM), ECF 49 at 19. Andrew Ericson (20 days incarceration) also went entered the Speaker's suite, stole a beer and drank it with his feet on the conference table. *United States v. Andrew Ericson*, 21-cr-506 (TNM), ECF 37 at 2.

Some defendants charged even under 1752(a), the one year misdemeanor, have received sentences of straight probation.   Rachel Pert was sentenced to probation despite admitting that she was trying to "storm them to stop the vote." *United States v. Rachel Pert¸*21-cr-139 (TNM). Jeffrey Witcher was sentenced to probation despite "penetrat[ing] the Crypt portion of the U.S. Capitol, where violence between rioters and law enforcement was occurring around him" and deleting evidence from his phone, *United States v. Jeffrey Witcher¸*21-cr-235 (RC), ECF 39 at 2.  Kevin Cordon received probation despite entering the Capitol wearing body armor and a gas mask, *United States v. Kevin Cordon*, 21-cr-277 (TNM). Verden Nalley received probation despite spending 30 to 40 minutes in the Capitol and threatening to "be back with guns in two weeks", *United States v. Verden Nalleyi,* 21-cr-116 (DLF) ECF 93 at 2.  Jenny Cudd received probation despite wearing bulletproof sweatshirt, pushed against police yelling "go" and "charge," *United States v. Jenny Cudd*, 21-cr-68 (TNM) ECF 90 at 2.

Mr. Sattler's actions were far less significant than those of James Uptmore. Uptmore entered the Capitol three minutes after the breach of the Upper Terrace doors and entered the hallway outside the Old Senate Chamber where the police were trying to prevent people from entering the Senate.  He was present when the officers deployed tear gas and he lied to the FBI about using his phone to record his actions. Uptmore received 21 days of home detention.  *United States v. James Uptmore*, 21-cr-149 (RCL).

Justin McAuliffe received a sentence of probation, despite having entered into Senator Jeff Merkley's office and sitting there for some time.  McAuliffe also boasted on social media about his participation in the riot and spent 30 minutes inside the building.  *United States v. Justin McAuliffe*, 21-cr-608 (RCL).

The cases cited by the government support a sentence of probation.  In *United States v. Rader*, 22-cr-57 (RCL), the defendant was incarcerated for 90 days but Rader was among the very first to breach the Senate Wing Door.  He also flaunted this Court's orders by repeatedly skipping drug test appointments or testing positive for methamphetamines when he reported.  Rader also had *twenty three* previous convictions including one for assaulting a woman.  ECF No. 33 at 14.

Anthony Mazzio received a sentence of 60 days incarceration but he was also an outlier amongst petty misdemeanants.  *United States v. Anthony Mazzio*, 22-cr-214 (RCL).  Mazzio came prepared for battle, dressed in a body armor and a gas mask.  He stayed for one hour and entered into Speaker Pelosi's suite.  He also found it appropriate to join the far-right anti-government militia group the Three Percenters *after* January 6th.  ECF No. 33 at 14-15.

A probationary sentence is appropriate for Mr. Sattler because no aggravating circumstances apply here.  Mr. Sattler was not in the District to stop the certification, he did not assault anyone, he did not encourage violence or property destruction, he did not witness any violence or property destruction he was not part of the initial breach, he stayed in the building for minimal time, he did not brag on social media, he did not destroy evidence and he did not go to a sensitive

area when he was inside a building. He has been entirely compliant on pretrial release. He is sincerely remorseful.

## **<u>CONCLUSION</u>**

For the reasons stated above, Mr. Sattler respectfully requests that the Court impose a period of probation and complete a period of community service.  Mr. Sattler also requests that a fine not be imposed in light of his obligation to pay $500 restitution.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
Eugene Ohm
Assistant Federal Public Defender
625 Indiana Ave. NW, Ste. 550
Washington, D.C. 20004
(202) 208-7500
Eugene_ohm@fd.org